# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARLTON E. HOOKER, JR.,

    Petitioner,

v.                                             Case No: 8:18-mc-89-T-36JSS

ROBERT WILKIE, SECRETARY,
DEPARTMENT OF VERTERANS
AFFAIRS,

    Respondent.
_____

## **ORDER**

This matter comes before the Court upon the Report and Recommendation ("R&R") filed by Magistrate Judge Sneed on November 26, 2018 (Doc. 5). In the R&R, the Magistrate Judge recommends dismissing *pro se* petitioner Carlton E. Hooker, Jr.'s ("Hooker") miscellaneous action without prejudice and granting Hooker leave to file an amended complaint in compliance with the Federal Rules of Civil Procedure. Hooker filed an Objection to the R&R (Doc. 6). Upon consideration, the Court will overrule Hooker's Objection, adopt, confirm, and approve the R&R in part, and dismiss this action.

    **I.**     **Background**

Hooker is a former employee of the Bay Pines VA Healthcare System ("Bay Pines VA") who was terminated in January 2010. *See* Doc. 1-1. Hooker has filed numerous lawsuits against the Department of Veterans Affairs (the "VA") and its employees related to his termination. *See Hooker v. Eric K. Shinseki, Sec'y of the Dep't of Veterans Affairs*, No. 8:14-cv-333-JSM-AEP, Doc. 17 (listing cases). On April 1, 2015, Hooker was designated a vexatious litigant and enjoined from filing any new action, complaint, or claim for relief against the VA, or any other current or

former employee or officer of the VA, related to his employment at Bay Pines VA, in federal court, state court, or any other forum unless he first obtains leave to file. *Hooker v. Hopkins*, No. 8:15-cv-750-JSM-TGW, Doc. 4. However, Hooker is to "be freely given" leave where the "new action does not involve [Hooker's] former employment with the" VA. *Id.*

On February 5, 2018, Hooker filed a "Miscellaneous Action Request for Hearing on Disorderly Conduct Charge and Penalty Under 38 CFR 1.218." *Hooker v. Sec'y, Dep't of Veterans Affairs*, No. 8:18-mc-7-VMC-TGW, Doc. 1. That filing and its attachments explained that the VA had barred Hooker from Bay Pines VA in 2016 following Hooker's "continuous disruptive and intimidating behavior" towards staff and other veterans since his termination in 2010. *Id.* at Doc. 1-1, Doc. 1-3. Hooker contended that he was entitled to a hearing in the District Court on the VA's ban in accordance with his due process rights pursuant to the Fifth Amendment of the United States Constitution. *Id.* at Doc. 1.

Hooker's filing was erroneously assigned a miscellaneous case number based on the title of Hooker's filing. *Id.* at Doc. 3. The case was assigned to Judge Covington, who ordered that the case be assigned a civil case number and that Hooker pay the $400.00 statutory filing fee or move to proceed *in forma pauperis*. *Id.* The order explained:

> Pro se Plaintiff Carlton Hooker sues David J. Shulkin, Secretary of the Department of Veterans Affairs, for alleged civil rights violations. Upon the review of the docket, it appears that the case was erroneously assigned a miscellaneous case number rather than a civil case number. Hooker labels his case as a "miscellaneous action," however, that appellation is not dispositive. The $47.00 miscellaneous filing fee shall be returned to [Hooker]. The Clerk is directed to assign a civil case number in accord with the applicable rules, and to randomly assign the case to a district judge and a magistrate judge in accord with Local Rules 1.03(a) and (b). Once the case has been assigned a civil case number, Hooker shall either pay the $400.00 statutory filing fee or move for in forma pauperis status.

*Id.* (internal citation omitted).

The case was assigned a civil case number, assigned to Judge Moody, and transferred to Judge Covington. *Hooker v. Sec'y, Dep't of Veterans Affairs*, No. 8:18-cv-349-VMC-CPT, Doc. 4, Doc. 6, Doc. 7. Hooker filed a response, arguing that he was not required to pay the $400.00 filing fee because he had not filed a lawsuit. *Id.* at Doc. 5. Rather, Hooker contended, he was merely requesting a hearing on the VA's ban "to respectfully address this matter in federal court as I am entitled to due process." *Id.* Judge Covington entered another order directing Hooker to pay the $400.00 filing fee or to file a motion to proceed *in forma pauperis* by March 12, 2018. *Id.* at Doc. 8. The order further advised Hooker that failure to pay the filing fee or to move to proceed *in forma pauperis* by the date set would result in dismissal. *Id.* On March 15, 2018, Judge Covington entered an order dismissing the case because Hooker had neither paid the filing fee nor moved to proceed *in forma pauperis. Id.* at Doc. 9.[1]

On October 16, 2018, Hooker initiated this new miscellaneous action by filing a document labeled "Miscellaneous Action Requesting Hearing on Disorderly Conduct Charge and Penalty Under 38 CFR 1.218- Security and Law Enforcement at VA Facilities." Doc. 1. The document is substantially similar to that filed in Judge Covington's case.

Hooker's filing in this case was docketed as a motion, and referred to the Magistrate Judge. In the R&R, the Magistrate Judge recommends dismissing this case without prejudice and allowing Hooker leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. Doc. 5. Hooker filed a written Objection to the R&R, stating that he objects to the recommendation that this action be dismissed without prejudice. Doc. 6.

**II.    Legal Standard**

---

[1] On August 30, 2018, Hooker filed a "2nd Miscellaneous Action Request of a Hearing" in the same case, requesting information about why the court "is denying my right to due process." *Id.* at Doc. 10. On September 5, 2018, Judge Covington entered an order denying Hooker's motion, stating that the case had been closed. *Id.* at Doc. 11.

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

### III. Discussion

In this action, Hooker again contends—as he previously did before Judge Covington—that he is entitled to a hearing in the District Court on the VA's ban pursuant to the Fifth Amendment of the United States Constitution. Doc. 1. Hooker alleges that he was also denied the right to due process under the Fifth Amendment because of Judge Covington's "judicial error" dismissing his case and denying his motion for a hearing. Doc. 1 at p. 2. Hooker also argues that he should not have to pay the $400.00 filing fee in this case because it relates to other cases he has filed in this District pertaining to certain civil rights violations. Doc. 1 at p. 3.

In the R&R, the Magistrate Judge explains that the Federal Rules of Civil Procedure do not authorize the filing of papers that merely seek a hearing in federal court without also stating an underlying claim for relief. To the extent Hooker intends to state a claim for relief, the Magistrate Judge explains, his action should be treated as a civil action, as Judge Covington previously concluded. The R&R further explains that Hooker's failure to include a jurisdictional statement is fatal to his action because federal courts are obligated to inquire about subject matter jurisdiction whenever doubt about its existence arises.

In his Objection, Hooker restates his previous argument that he should not have to pay the $400.00 fee because he already paid that fee in two related cases currently pending in this District: *Hooker v. Sec'y, Dep't of Veterans Affairs*, No. 8:18-cv-20000-CEH-JSS (filed August 14, 2018) and *Hooker v. Klinker et al.*, 8:18-cv-2163-JSM-SPF (filed August 30, 2018). Pointing out that he filed motions to consolidate those cases and this case, Hooker argues that the basis for the Court's subject matter jurisdiction in this case is based on those related cases in which the Court has subject matter jurisdiction. Hooker further contends that the Federal Rules of Civil Procedure *do* authorize his pleading in this case seeking a hearing because he states an underlying claim for relief in his related cases. Hooker cites no case law or other authority in support of his proposition that a court lacking jurisdiction in one case may consolidate the case with other (presumptively) proper cases to cure subject matter jurisdiction or procedural deficiencies in the first case.

Having reviewed the submissions filed in this case, the Court agrees with the Magistrate Judge, for the reasons stated in the R&R, that Hooker cannot maintain this action as currently constituted. However, the Court declines to provide Hooker an opportunity to file an amended complaint in this case. Instead, Hooker may file his motion for a hearing in one of the other cases pending in this District, or may seek permission to file a new case.

5

As an initial matter, despite the filing of his "Objection," Hooker appears to agree that this case should be dismissed. In the final paragraph of his Objection, Hooker states:

> Therefore the Petitioner [Hooker] recommends and the Court should recommend that Petition's Miscellaneous Action under USDC Case No. 8:18-mc-00089-CEH-JSS be dismissed without prejudice for lack of subject matter jurisdiction, and replaced with the Violation of Civil Rights Complaint—USDC No. 8:18-cv-02163-JSM-SPF, as it is related to USDC Case No. 8:18-cv-02000-CEH-JSS, due to a common question of fact, for which the question is whether the initial ban placed on the Petition under 38 CFR 1.218- Security and Law Enforcement at VA facilities was legal or illegal, for which the Petitioner should now be granted an evidentiary hearing.

Doc. 6 at p. 6.

Unpacking this statement, it appears Hooker believes that this case and his other two pending cases are related because they all deal with the question of whether the VA's ban was legal. If that is true,[2] then Hooker can simply file a motion for the hearing that he seeks in one of the other two cases currently pending in this District. Based on Hooker's own representations, therefore, there is no reason for the Court to maintain this unwarranted miscellaneous action.

Notwithstanding Hooker's representations, the Court also declines to maintain this action because it is unclear whether Hooker has sought the necessary permission to file. Though well aware of the requirement that he seek leave,[3] it does not appear that Hooker has been granted

---

[2] The Court makes no determination as to the validity of Hooker's representation that the three cases pending in this District, including this one, are related or that they may be consolidated.

[3] Between 2016 and 2019, Hooker has sought and been granted leave to file numerous new claims for relief. Most of Hooker's new claims purported to relate to his attempts to apply for new positions of employment with the VA. *Hooker v. Dep't of Veterans Affairs*, No. 8:16-mc-143-SDM-AAS, Doc. 2 (order dated November 1, 2016 generally granting motion for leave to file lawsuit related to VA ban and claims under federal statutes for damages); *Hooker v. Dep't of Veterans Affairs*, No. 8:16-mc-155-MSS-MAP, Doc. 2 (order dated December 13, 2016 granting leave to file lawsuit based on the effect of the VA ban on Hooker's new applications for employment); *Hooker v. Dep't of Veterans Affairs*, No. 8:17-mc-62-MSS-AAS, Doc. 2 (order dated June 1, 2017 granting Hooker leave to file formal EEO complaints for non-selection for two police officer positions); *Hooker v. Sec'y, Dep't of Veterans Affairs*, No. 8:17-mc-120-JSM-TBM, Doc. 3 (order dated November 1, 2017 granting leave to file complaint concerning new applications for employment); *Hooker v. Wilkie*, No. 8:18-cv-696-VMC-TGW, Doc. 2 (copy of order dated March 22, 2018 granting Hooker's motion to file a civil rights discrimination lawsuit); *Hooker v. Shulkin*, No. 8:17-mc-104-EAK-TGW, Doc. 5 (order dated October 17, 2018 granting Hooker leave to file a lawsuit regarding his applications for new employment); *Hooker v. Klinker et al.*, No. 8:18-cv-2163-JSM-SPF, Doc. 13 (order dated January 10, 2019 allowing Hooker to file complaint for a Bivens claim and constitutional torts unrelated to his prior VA employment).

permission to file this action related solely to the legality of the VA ban. Nor does it appear that Hooker has made a sufficient showing that this action is not related to his previous employment.

To the extent Hooker seeks a hearing in relation to his other cases in this District, he may file a motion for a hearing in those cases. To the extent Hooker seeks to initiate a new action, he must seek permission to do so, file a civil action, and pay the $400.00 filing fee or move to proceed *in forma pauperis*.

**Accordingly, it is ORDERED**:

1. Hooker's Objection to the Magistrate Judge's Report and Recommendation (Doc. 6) is **OVERRULED.**

2. The Report and Recommendation of the Magistrate Judge (Doc. 5) is **ADOPTED, CONFIRMED, AND APPROVED IN PART.**

3. Hooker's "Miscellaneous Action Requesting Hearing on Disorderly Conduct Charge and Penalty Under 38 CFR 1.218 – Security and Law Enforcement at VA Facilities" (Doc. 1) is **DISMISSED.** The clerk is directed to terminate all pending motions and deadlines and close this case.

4. Hooker is reminded that he is enjoined from filing any new action, complaint, or claim for relief against the Department of Veterans Affairs, or any other current or former employee or officer of the Department of Veterans Affairs, related to his employment at Bay Pines VA, in federal court, state court, or any other forum unless he first obtains leave to file. *Hooker v. Hopkins*, No. 8:15-cv-750-JSM-TGW, Doc. 4.

5. If Hooker is granted leave to file a new action based on facts such as those presented in this case, the case should be assigned a civil case number in accordance with the applicable rules, and randomly assigned to a district judge and magistrate judge in accordance with Local

Rules 1.03(a) and (b). Once the case has been assigned a civil case number, Hooker shall either pay the $400.00 statutory filing fee or move to proceed *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on April 8 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties